ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| DION CUSTIS, | )<br>) |
| Plaintiff, | )<br>) |
| vs. | ) Civil No. **12CV214-**<br>) |
| DIANE LOZANO,<br>WYO. PUBLIC DEFENDER OFFICE, | )<br>)<br>) |
| Defendants. | )<br>) |

## COMPLAINT

COMES NOW the Plaintiff, Dion J. Custis, by and through counsel, Dion J. Custis, him self, and for claim against the named Defendant states as follows:

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1343(3); (4).

2. This action is brought pursuant to 42 U.S.C. § 1983; Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2(a)(1) and 2000e-3(a); Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 623 (gender, race, age and sex discrimination); as well as the due process and equal protection clauses of the United States and Wyoming Constitutions.

3. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331, 1343 and 42 U.S.C. Sections 1981 et seq. 29 U.S.C. Sections 626(c)(1) and 626 (e), because all claims arise under the Constitution and the laws of the United States.

4. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over any claims arising under Wyoming law.

1

5. Pursuant to 28 U.S.C. § 1391(b)(2), proper venue for this case is the United States District Court for the District of Wyoming, because the acts complained of herein occurred within the District of Wyoming.

**PARTIES**

6. Plaintiff, Dion Custis, is a resident of the city of Cheyenne and was an employee of the Public Defenders office, Laramie County, Wyoming, at the time of the incidents giving rise to this complaint.

7. The Defendant, Diane Lozano, is and was the director of the Public Defender's office, Defendant PDO is the public defenders office, a local government entity and within her scope of duties as defined by W.S. § 1-39-103. They are bound by the Wyoming Rule of Professional Conduct; Wyoming Administrative Procedures Act; EEO and all other relevant rules, procedure and regulations, as director of the PDO. She owes a duty of care, fair dealing, professionalism and competency to the PDO and all of its employees.

**NATURE OF CASE/FACTS**

8. The plaintiff's EEOC's notice of suit rights and dismissal notice was dated 6-22-12 and received in the mail 6-25-12 due to being mailed on a Friday. This complaint is filed timely and properly within the 990 day time limit.

9. The Plaintiff has the right to equal protection and due process under the law and the U.S. Constitution. See 42 U.S.C. § 1983.

10. The Plaintiff has the right to constitutional rights and civil rights protections of gender, race and age. See Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2 and 2000e-3; Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 623.

11. Plaintiff was an employee of the PDO for 17 years from August, 1994 through May, 2011.

12. Defendant terminated Plaintiff's employment citing no reason therefore on or about May 12, 2011.

13. Plaintiff is a member of the protected classes of male, over 40 and Hispanic race.

14. The Plaintiff and Defendant had a relationship for 5 years beginning in 1992 which Plaintiff ended in 1997.

15. Defendant engaged in discriminatory practices for several years against Defendant since she was appointed PDO director.

16. Defendant failed to promote plaintiff, award appropriate raises and finally terminated Plaintiff for unlawful reasons.

17. Defendant made statements to plaintiff and others indicating she would "get him back", "remember you are an at will employee and I can terminate you for any reason'" for ending their relationship now that she was Plaintiff's supervisor.

18. Plaintiff fully met or exceeded all standards, duties and expectations of his duties and jobs as well as the positions he applied for. Yet he was never promoted and was terminated after complaining of these actions.

19. Defendants failed to properly promote Plaintiff, for two positions, from 2006 to 2011 and discriminated throughout.

20. After the plaintiff's rejection to promotion, the jobs were filled by less qualified people, out side the 3 protected classes of the plaintiff's.

21. Defendant engaged in a discriminatory policy throughout her tenure as Director of the PDO. Ms. Lozano has fired several employees for no reason, as at will employees, in the 5 years from 2007 to 2012, more than any other 5 year period in the history of the PDO.

22. Defendant promoted a less qualified younger white female to chief trial counsel.

23. Defendant replaced plaintiff's position with a younger male.

24. Defendant then tried to cover up the replacement of Plaintiff's position by switching the "position number" and "administrative number" to appear as though Plaintiff's position was taken by an older male.

25. This Plaintiff was subjected to inferior and different discipline standards and was not awarded similar and sufficient qualification comparisons as the employees not in his classes. Plaintiff was further subjected to a hostile work environment and the threat of being terminated for several years since Defendant was Director.

26. Defendant retaliated against plaintiff for filing a complaint with the EEOC by filing a grievance against plaintiff with the Wyoming State Bar.

27. The Defendants' actions were "arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law" 5 U.S.C. §§ 551-559, 701-706. Defendant clearly only used personal motives not law or facts for basis of all actions.

28. The Defendant failed to properly train, investigate, and conduct proper hearings.

29. The Defendants' actions violated Plaintiff's right to equal protection and due process under U.S. and WY Constitutions.

30. The Defendants committed a multitude of violations exceeding the legal scope of authority and duty, when willfully and wantonly acting not otherwise in accordance with the law, in official capacity "under color of law".

31. Plaintiff has exhausted his state remedies. (See attached Notice from EEOC).

**Damages**

32. As a direct and proximate cause of the illegal and improper conduct, actions and civil rights and/or Constitutional violations and infringements by the Defendant, the Plaintiff has been irreparably injured and has suffered money damages. A decrease in wage or salary, a loss of retirement benefits, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices that might be unique to a particular situation below:

- Loss of business and Loss of financial security;
- Loss of reputation with Humiliation and Embarrassment;
- Emotional and mental injuries compounded with Pain and Suffering;
- Punitive and exemplary damages against Defendants, in an amount to be proven at trial, and attorney's fees and costs as provided for by 42 U.S.C. § 1988.

- **1st CLAIM FOR RELIEF: AGE, RACE, GENDER DISCRIMINATION**
    1. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 32 above and further states:

2. Defendants are charged with the duty to not discriminate. This includes the duty to not discriminate by race, gender or age under the U.S. Constitution and as protected by all other laws.

3. The right of the Plaintiff to not be discriminated by race, gender or age is protected by the Constitution but more specifically the E.E.O. laws cited above.

4. The defendants failed to award the duties owed to the Plaintiff, or meet the duties owed to the Plaintiff, as stated and cited above.

5. The Defendants' actions were the proximate cause of the Plaintiff's injuries and damages.

**2nd CLAIM FOR RELIEF: DUE PROCESS EQUAL PROTECTION VIOLATION**

1. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 32 above and further states:

2. Defendants are charged with the duty to protect the rights of her employees. This includes their rights to due process and equal protection under the U.S. Constitution and as protected by all other laws as a director of a government entity.

3. The right of the Plaintiff to equal protection and due process (substantively and procedurally), is protected by the Constitution but more specifically as cited above.

4. The defendants failed to award the duties owed to the Plaintiff, or meet her duties owed to the Plaintiff, as stated and cited above.

5.   The Defendants' actions were the proximate cause of the Plaintiff's injuries and damages.

**Previous Lawsuits and Administrative Relief**

No previous lawsuits have been filed that deal with the same set of facts.

Administrative relief has been sought and exhausted. (see attached notice)

**CONCLUSION**

The Plaintiff, clearly, had many established and declared rights and protections violated by the Defendants' multiple civil rights, constitutional and other violations. The Defendants also clearly violated multiple EEO laws and used illegal procedures/evidence in the administrative process. The procedures, actions and evidence utilized by the Defendants is insufficient to afford equal protection or due process and violated 42 U.S.C. § 1983; Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2(a)(1) and 2000e-3(a); Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 623.

WHEREFORE, Plaintiff, prays for judgment against Defendants for such money damages in an amount to be proven at trial, for punitive and exemplary damages to punish the wrongdoing Defendant for the said misconduct and to dissuade her and others similarly situated from engaging in similar misconduct in the future; for his termination to be cleared from his record; for legal fees and expenses as provided by law; for the costs and disbursements of this action; and for such additional relief as may be just and proper in the circumstances.

**Declaration under penalty of perjury**

7

The undersigned declares under penalty that he is the plaintiff in the above action, that he has read the above complaint and that the information contained therein is true and correct. 28 U.S.C. 1746; 18 U.S.C. 1621.

DATED this 21 day of Sept. 2012.

By: ____________________

Dion J. Custis, #6-2674
Plaintiff
400 E 20th St,
Cheyenne WY 82001
(307) 638-2442

## JURY DEMAND

Plaintiff Dion Custis hereby demands that this case be tried to a jury on all issues so triable.

DATED this \_\_\_\_21\_\_ day of \_Sept\_, 2012.

By: _____
Dion J. Custis, #6-3674
Plaintiff
400 E 20th St,
Cheyenne WY 82001
(307) 638-2442

9

## **CERTIFICATE OF SERVICE**

I, Dion J. Custis, hereby certify that a true and correct copy of the foregoing *Defendant's Complaint* was served by fax, hand delivery, electronic service or US Mail this __21__ day of __Sept__, 2012, to all parties.

Diane Lozano

State Public Defender

316 w. 22nd.

Cheyenne, WY 82002

By: _____
Dion J. Custis, #6-3674
Plaintiff
400 E 20th St,
Cheyenne WY 82001
(307) 638-2442

# DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| To: Dion J. Custis<br>400 East 20th Street<br>Cheyenne, WY 82001 | From: Denver Field Office<br>303 East 17th Avenue<br>Suite 410<br>Denver, CO 80203 |

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No |
|---|---|---|
| 32K-2012-00015 | Holly B. Romero,<br>Enforcement Supervisor | (303) 866-1341 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

## - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

_____    _____
Nancy A. Sienko,                           (Date Mailed)
Director

Enclosures(s)

cc:

Matthew Fermilia, Senior Asst. Attorney General

INFORMATION RELATED TO FILING SUIT
UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – not 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice *and* within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do *not* relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

# DION J. CUSTIS, P.C.
ATTORNEY AT LAW*

400 EAST 20TH STREET
CHEYENNE, WY 82001
(307)638-2442  FAX: (307)638-2443
EMAIL  dioncustis@qwestoffice.net
*Licensed in Wyoming and Colorado

May 24, 2012

Holly Romero
Enforcement Supervisor
U.S. Equal Employment Opportunity Commission
Denver Field Office
303 E. 17th Ave., Suite 410
Denver, CO 80203

Re: Dion J. Custis v. State of Wyoming, Public Defenders Office
    Charge No: 32K-2012-00015

Dear Ms. Romero:

    Below is my rebuttal to Respondent's position. First, I have shown that I am in a protected class by gender and age and nationality. Second, I was very qualified in my job, probably the most qualified in the state of WY. I can say this with no equivocation, as I am the most highly death penalty qualified attorney in the state. This includes the most trials and most death penalty cases undertaken. In order to get to that point I had to have the most homicide cases tried and undertaken as well as the most serious felony cases. At the time of my termination, I tried 95 jury trials, this number far exceeds the experience of any other public defender in the program.

    Respondent attempts to suggest that somehow my work performance was unsatisfactory. Respondent relies on some alleged complaints and/or minor issues. However, in 17 years my work performance speaks for itself in the attached performance evaluations. Each one indicates an exemplary work performance in relation to the issues raised by Respondent. It is very obvious that the issues raised by the Respondent have little to do with the actual work I performed, i.e., practicing law. At best, Respondent suggests that I had some complaints from clients about not spending enough time with them, however, there is not one issue with respect to my actual job performance as an attorney and representation of indigent clients. In that regard, again, my prior supervisors have all concurred that my performance as a attorney "Exceeds Expectations." In short, Respondent's attempt to justify my termination and reasons therefore are far outweighed by my actual performance as a Public Defender. Further, Respondent is trying to suggest that during the time I was an unsatisfactory employee I was receiving pay upgrades and

being asked to speak at the WY Public Defender Seminar as an Instructor. Persons are not asked to teach and instruct others if they are not the best in the program.

Further, concerning any "meets expectations" findings, I was also told after Diane Lozano, became Director that no one is to simply get "exceeds expectations" findings. My direct supervisor, Mitch Guthrie, and the Deputy Public Defender, Ryan Roden, can both verify that they were told by Ms. Lozano to find something less than "exceeds expectations." This is an outright discriminatory policy to somehow justify future terminations. This Director has fired more people for bogus reasons than the three prior director's combined, spanning a total of 12 years at least, she has only been director for approximately five years.

As indicated in Respondent's response, she has fired many people for her "alleged" ethics concerns. By their own numbers this Director has fired far more persons over 40, than not, and has always come up some bogus reason. I know several of these persons would provide testimony that they wanted to pursue claims against her but were worried because of their at-will status. I don't believe Ms. Lozano can hide behind the at-will status of her employees and terminate people for unlawful reasons. Her current employees live and work in constant fear that they will be fired next. She has created a very hostile working environment where employees are under constant fear of losing their jobs.

Understanding that the prior allegations of discrimination may not be viable for claim purposes, I believe they can be taken into consideration as a practice of this particular Director. I was discriminated against due to my sex because I was passed over for the position of Chief Trial Counsel, despite the fact that I have the best trial record in the program (95 trials), the most acquittals (35) and the most education and experience of anyone in the program. Diane Lozano appointed a younger white female to this position. She also appointed another white male to the job of supervising attorney.

Diane Lozano and I had a relationship from 1992-1997 or so, I ended this relationship and have heard from many people that she would get me back for this as well as herself. It's been awhile but since she became my boss she has discriminated against me in the failure to pay at an appropriate rate, failure to promote and finally terminating me from my employment, when my trial record and expertise is the best in the program.

She failed to promote to Trial Division Supervisor, 2006-2011, failed to promote to Chief Trial Counsel, 2007-2011, and finally terminated me in May of 2011. Witnesses who can attest that I have been the most qualified for each position, have the best trial record in the program, get the best results include; Ryan Roden, Mitch Guthrie, Dave Serelson, Diane Lozano and all other public defenders.

Concerning the alleged misconduct just prior to my termination, this illustrates Ms. Lozano's search for reasons to fire me. She evidently rested a termination of a valued employee of 17 years upon hearsay four times removed. Evidently she heard from another, who heard from another, who heard from another about this situation. Without

even inquiring from myself what the facts were, she terminated me. She didn't even inquire from the person's involved but rather relied on rumor and innuendo. This is a clear indication of impropriety as any Director would have at least tried to find out the true facts before disciplining let alone terminating a long time employee.

Concerning Respondent's attempt to suggest that my position was filled with another 56 year old male, I have information to believe that my position was not filled with this person but rather that the PDO has attempted to cover up this position with the actual person that took it, a younger male. Evidently, the PDO filled my position by a younger male, Chris Humphrey, who is in his late 20's to early 30's. The PDO then switched the "administrative number" of the position to a part-time position then hired another older male to now claim my old position. The fact that the PDO is now playing games with the difference between "position number" and "administrative number," shows its intent to hide its discriminatory practices. Full disclosure of the PDO's documentation and maneuvering with this position is necessary to show its true intent.

Should you have any further questions or concerns please feel free to call or write.

Sincerely,

Dion J. Custis