Dion Custis, Law Offices of
400 E. 20th St., Cheyenne, 82001
307-638-2442 Fax 307-638-2443

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| DION CUSTIS, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| vs. | )    Civil No. Civil No. 12-CV-214-F |
| | ) |
| DIANE LAZANO, | ) |
| WYO. PUBLIC DEFENDER OFFICE, | ) |
| | ) |
|    Defendants. | ) |

**AMENDED PLAINTIFF'S MEMORANDUM IN OPPOSITION OF MOTION FOR JUDGMENT ON THE PLEADINGS**

The Plaintiff, Dion Custis, by and through the undersigned counsel, submits the following Memorandum in opposition of the Motion for Judgment on the Pleadings pursuant to Fed. R. Civ. P. 12(c).

### I. FACTS

Mr. Custis had a relationship for many years with the Defendant, both professionally and romantically. It ended badly and she used her position of authority against him. There was hostility, retaliation and many other improper, illegal and discriminatory acts done by the defendant towards the plaintiff. This went on for some time leading up to the termination of Mr. Custis; once she got a legal cover and reasoning to hide her improper, illegal, ill and shocking actions.

Director Lozano terminated the Plaintiff, Dion Custis from the Wyoming Public Defender's Office on May 15, 2012. Mr. Custis was not given a reason for his termination. (Doc. #1, p.3, ¶ 12). Mr. Custis was an at-will employee with the Wyoming Public Defender's office and could be fired for "a good reason, a bad reason, or for no reason at all." Any assertion of this defense and right by the defendants is irrelevant and moot as we are only alleging illegal, improper and discriminative actions. This does not excuse illegal, improper and discriminatory actions. See *Honorable v. American Wyott Corp*., 11 P.3d 928, 930-931 (Wyo. 2000).

The plaintiff was discriminated, retaliated against, treated differently and unfairly by the Defendant for years before she finally got a legal cover and excuse to fire him. She clearly used, ill and shocking to the mind, actions without regards to the rights' of the plaintiff, and with deliberate indifference with the intentions of harming the plaintiff due to the personal issues.

She terminated his employment, as further retaliation, based on his age, his race or his gender due to his relationship with the Defendant. This was based solely on the previous allegations prior to any legal reasoning or justification for firing. See (Doc. #1, pp. 3-4, ¶¶ 10, 15, 16, 19, 20, 21, 25, 27, 28, 29, and 30). She then used a hearsay complaint or issue, not fully investigated, as grounds to terminate the plaintiff and hide her retaliatory, illegal, improper and discriminative actions.

The Defendant worked and acted out of personal reasoning and interests ONLY. SEE *Eberhardt v Omalley*, 17 F.3d 1023 (1999); *Cragg v. City of Osawatorie KS,* 143 F.3d 1343 (10th Cir. 1998). Color of law person/entity's statements and actions are of public concern SEE *Dill v. City of Edmond OK,* 155 F.3d 1193 (10th Cir. 1998); *Lyle v. City of Haysville KS*, 138

2

F.3d 857 (10th Cir 1998). In determining whether the actions were reasonable the issue is whether the actions were "objectively reasonable" in light of all the facts and circumstances at the time, and subjective intent can be irrelevant quoting *Graham v. Connor,* 490 US 386 (1989).

Circumstantial evidence can support a finding of action by officials. See *Wagenmann v. Adams,* 829 F.2d 196 (1987). Circumstantial evidence can support a finding of action SEE *Wagenmann v. Adams,* 829 F.2d 196 (1987); *Ramirez v. OK Dept. of Mental Health*, 41 F.3d 584 (10th Cir. 1994); *Durant v. Ind. School Dist. No 16,* 990 F.2d (10th Cir. 1993).

Allegations of retaliation and deliberate indifference are usually only supported by circumstantial evidence *Ramirez v. OK Dept. of Mental Health*, 41 F.3d 584 (10th Cir. 1994); *Durant v. Ind. School Dist. No 16,* 990 F.2d (10th Cir. 1993). Departure from normal procedure for decisions is discriminatory intent. SEE *Navajo Nation v. State of New Mexico,* 975 F.2d 741 (10th Cir. 1992).

## II. STANDARD OF REVIEW

In *Notari v. Denver Water Dep't,* 971 F.2d 585 (10th Cir.1992), the Tenth Circuit noted that a § 1983 claim for discrimination could stand if founded on rights that exist independently of Title VII or ADEA. As Plaintiff asserts he suffered gender discrimination in violation of the Equal Protection Clause, his § 1983 claim may be maintained to this extent.

"After the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The standard of review for a motion for judgment on the pleadings is similar to the standard in considering a motion to dismiss under

Rule 12(b)(6). See <u>Aspenwood Inv. Co. v. Martinez,</u> 355 F.3d 1256, 1259 (10th Cir. 2004). **The court accepts as true all well-pleaded factual allegations and construes them in the light most favorable to the plaintiff.** <u>Beck v. City of Muskogee Police Dept.</u>, 195 F.3d 553, 556 (10th Cir. 1999). Although generally speaking the complaint **should not be dismissed unless it appears that the plaintiff can prove no set of facts which would entitle him to relief**, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." <u>Compare Park Univ. Enters., Inc. v. Am. Cas. Co. of Reading, PA</u>, 442 F.3d 1239, 1244 (10th Cir. 2006) with <u>Bell Atl. Corp. v. Twombly,</u> 550 U.S. 544, 555 (2007).

A motion for judgment on the pleadings is analyzed using the same standard that applies to a Rule 12(b)(6) motion. <u>Park Univ. Enters., Inc.</u>, 442 F.3d at 1244. "[T]o withstand a Rule 12(b)(6) motion to dismiss, **a complaint must contain enough allegations of fact, taken as true, 'to state a claim to relief that is plausible on its face.**'" <u>Khalik v. United Air Lines,</u> 671 F.3d 1188, 1190 (10th Cir. 2012). "[a]ll well-pleaded facts, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to the nonmoving party." <u>Teigen v. Renfrow</u>, 511 F.3d 1072, 1078 (10th Cir. 2007).

As with motions to dismiss under Rule 12(b)(6), documents attached to the pleadings are exhibits and may be considered. <u>See Park Univ. Enters.,</u> 442 F.3d at 1244; <u>Hall v. Bellmon</u>, 935 F.2d 1106, 1112 (10th Cir. 1991); Fed. R. Civ. P. 10(c). Additionally**, the Court may consider unattached documents which are referred to in the complaint and central to the plaintiff's claim without converting this motion to a motion for summary judgment, so long as the authenticity of such documents is undisputed**. <u>GFF Corp. v. Assoc. Wholesale Grocers, Inc.</u>,

130 F.3d 1381, 1384 (10th Cir. 1997). **Finally, the court may consider facts which may be judicially noticed**. See <u>Geltman v. Verity,</u> 716 F.Supp. 491 (D. Colo. 1989) citing 2A <u>Moore's Federal Practice</u> ¶ 12.15. The affidavits provided to the Defense pursuant to self-executing discovery should be utilized in the analysis of this motion.[1]

    III. ARGUMENT

**A. THE ELEVENTH AMENDMENT TO THE UNITED STATES CONSTITUTION IS IRRELEVANT AS THERE IS IMPROPER, DISCRIMINATIVE, RETALITORY AND OTHER ILLEGAL ACTIONS ALLEGED**

    In <u>Notari v. Denver Water Dep't,</u> 971 F.2d 585 (10th Cir.1992), the Tenth Circuit noted that a § 1983 claim for discrimination could stand if founded on rights that exist independently of Title VII or ADEA. As Plaintiff asserts he suffered gender discrimination in violation of the Equal Protection Clause, his § 1983 claim may be maintained to this extent See also182 F.Supp.2d 1161. In order for a plaintiff to overcome a claim of qualified immunity, they must, inter alia, show that the constitutional or statutory rights the defendant allegedly violated were clearly established at the time of the conduct in question. <u>Davis v. Scherer</u>,468 U.S. 183, 197, 104 S.Ct. 3012, 82 L.Ed.2d 139 (1984). "Ordinarily, in order for the law to be clearly established, there must be a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts must have found the law to be as the plaintiff maintains." <u>Medina v. City and County of Denver</u>, 960 F.2d 1493, 1498 (10th Cir.1992). The ADEA, 1983, 1981, TITLE VII and other cited cases here and in the amended complaint show this.

---

[1] Because the Court has previously received the affidavits of Melinda Godwin, Mark Goldberg, Donna Domonkos and Erick Smith, and their sensitive nature, Plaintiff is not attaching them to this document. Plaintiff can provide upon request.

In <u>Perry v. Woodward</u>,199 F.3d 1126 (10th Cir.1999), **the Tenth Circuit clearly stated that a plaintiff was not required to show that she was replaced by a member of an unprotected class to establish intentional discrimination. Id. at 1137.**

Furthermore, there clearly must have been some Policy or Custom of the PDO to allow these actions to go on for over a decade unhalted, uninterrupted, addressed or changed. A claim against a defendant in his official capacity is a claim against the entity. *See McMillian v. Monroe Cnty., Ala.,* 520 U.S. 781, 785 n. 2 (1997). The state of Wyoming (PDO and its Director) waived its immunity when it did the alleged illegal acts. See <u>Wagoner Cnty. Rural Water Dist. No. 2 v. Grand River Dam Auth.</u>, 577 F.3d 1255, 1258 (10th Cir. 2009).

Congress did mostly abrogate Eleventh Amendment immunity in enacting the ADEA. *See* <u>Kimel v. Fla. Bd. of Regents,</u> 528 U.S. 62, 82-83 (2000). Every fact and reason stated by the defendant for dismissal comes way after all the retaliation and illegal, improper, shocking and other ill behaviors by the defendant related. Looking to <u>Western Air Lines, Inc. v. Criswell</u>, 472 U.S. 400, the Act's substantive requirements nevertheless remains at a level akin to the Court's heightened scrutiny cases under the Equal Protection Clause. We must remember the boundaries of federalism are best left to the political branches. See also <u>Hazen Paper Co. v. Biggins</u>, 507 U.S. 604, 611; <u>Gregory</u>, supra, at 473. Pp. 18—24.

**B. THE PLAINTIFF HAS NOT FAILED TO STATE A CLAIM FOR WHICH RELIEF CAN BE GRANTED.**

Mr. Custis must "nudge [his] claims across the line from conceivable to plausible" to survive dismissal <u>Khalik</u>, 671 F.3d at 1190-91. He clearly does that with the amended complaint

6

and with the new factual evidence connected. In *Nail v. City of Henryetta*, 911 P.2d 914, 918, 1996 OK 12 ¶ 13, the Oklahoma Supreme Court stated "[t]he question of whether an employee has acted within the scope of employment at any given time is normally a question for the jury, except in cases where only one reasonable conclusion can be drawn from the facts." This is one of those exceptional cases.

    A government employee may be named as an individual defendant only where the employee acted maliciously or in bad faith thereby taking their actions are outside the scope of employment. See *Carswell v. Okla. State Univ.*, 995 P.2d 1118, 1123, 1999 OK 102, ¶ 13. Plaintiff's claim for relief, clearly includes malicious, shocking, ill or bad faith conduct, the alleged wrongs of the individual Defendants necessarily occurred within the scope of their employment.

    In most cases of this nature we may not have more than the plaintiff's own testimony regarding the illegal act.  However, in considering the affidavits we have at least four other witnesses supporting the plaintiff's claims where the Defendant had vocalized on may occasions her true intentions on getting rid of the Plaintiff, not for any lawful, reason but for ill harbored ill feelings towards the Plaintiff.  It is clear from this information that there is enough evidence at least to proceed to a jury trial and have a jury decide if the termination was based on legal or illegal bases.  At the very least, Plaintiff should be allowed to amend his complaint to include these facts.

**1. The Plaintiff has not failed to state a claim of Racial Discrimination**

It is unlawful, "to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e – 2(a)(1).

In order to set forth a prima facie case of discrimination, Mr. Custis must establish that he, "(1) is a member of a protected class, **he is uncontested;** (2) he suffered an adverse employment action, **he has multiple supported by hard facts and multiple similar bad acts to other supervised by the defendant;** (3) he was qualified for the position at issue, **this is uncontested;** and (4) he was treated less favorably than others not in the protected class or class of one.", **this is clearly true as well.** See <u>Khalik</u>, 671 F.3d at 1192. If the plaintiff is able to show a prima facie case of discrimination, under <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792, (1973), the burden then shifts to the employer to show a "non-discriminatory reason for the adverse employment action." *Id*. Finally, if the employer is able to show a non-discriminatory reason, the burden then shifts back to the plaintiff. *Id*.

Mr. Custis has exhausted his administrative remedies and has he plead specific facts to "nudge [his] claims across the line from conceivable to plausible" to survive dismissal," as shown with the new evidence and amended complaint. Thereby the Court does need to engage in an in depth analysis of his Title VII claims. *Id* at 1190.

### i. No Failure to Exhaust

Title VII of the Civil Rights Act of 1964 requires a plaintiff to exhaust his administrative remedies before filing suit. *Jones v. U.P.S., Inc.* 502 F.3d 1176, 1183 (10th Cir. 2007) citing *MacKenzie v. City & Cnty. of Denver*, 414 F.3d 1266, 1274 (10th Cir. 2005); See also *Rodriguez v. Wet Ink, LLC,* 603 F.3d 810, 812 (10th Cir. 2010). The Tenth Circuit requires exhaustion as a prerequisite to any suit. *Jones* at 1183. A claim of discrimination must first be filed with the Equal Employment Opportunity Commission ("EEOC") prior to filing suit. *Id*.

Mr. Custis met all these and exhausted his administrative remedies as it relates to age and gender as well as his racial discrimination as it is connected to his retaliation, failure to promote and other harms connected to it as shown with the new evidence and amended complaint.

### ii. Not mere Conclusory allegations

"[W]hen legal conclusions are involved in the complaint 'the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to [those] conclusions[.]' " *Khalik,* 671 F.3d at 1190-91. All of Mr. Custis' facts related to the claim of discrimination are more than general conclusions. (Doc. #1, pp. 3-4, ¶¶ 10, 13, 15, 16, 19, 20, 21, 22, 25, and 27). They are courteous and censored versions of the ill, upsetting and shocking truths to be presented in discovery.

They were very slightly laid out at professional courtesy, as the defendant is aware of her actions. The defendant is far too aware of her harms done by her actions as further shown more specifically in the attached affidavits of fact, new evidence, and witnesses with evidence of similar bad acts (who were supervised by the defendant). Mr. Custis' censored and enumerated

facts are not lacking backing, they were censored and redacted as professional courtesy to the Defendant and the PDO.

### 2. The Plaintiff has not failed to state a claim of Age Discrimination.

This Supreme Court held in *EEOC v. Wyoming*, 460 U.S. 226, 243, that the ADEA constitutes a valid exercise of Congress' Article I Commerce Clause power. Congress' powers under Article I, however, do not include the power to subject States to suit at the hands of private individuals. *Seminole Tribe of Fla. v. Florida,* 517 U.S. 44, 72—73. Section 5 of the Fourteenth Amendment does grant Congress the authority to abrogate the States' sovereign immunity. *Fitzpatrick v. Bitzer*, 427 U.S. 445, 456. Pp. 13—16. Congress did mostly abrogate Eleventh Amendment immunity in enacting the ADEA, **However**, the age classification in question **Must Be** rationally related to a legitimate state interest. *See Kimel v. Fla. Bd. of Regents,* 528 U.S. 62, 82-83 (2000). Every fact and reason stated by the defendant for dismissal comes way after all the retaliation and illegal, improper, shocking and other ill behaviors by the defendant related.

Looking to *Western Air Lines, Inc. v. Criswell*, 472 U.S. 400, the Act's substantive requirements nevertheless remains at a level akin to the Court's heightened scrutiny cases under the Equal Protection Clause. The exception in §623(f)(1) that permits employers to engage in conduct otherwise prohibited by the Act "where the differentiation is based on reasonable factors other than age" confirms, rather than disproves, the conclusion that the ADEA extends beyond the requirements of the Equal Protection Clause. That exception makes clear that the employer cannot rely on age as a proxy for an employee's characteristics, *Hazen Paper Co. v. Biggins*, 507

U.S. 604, 611, whereas the Constitution permits such reliance, see, e.g., <u>Gregory</u>, supra, at 473. Pp. 18—24. **Even when a non-retaliatory decision is made by a color of law person/entity, the subordinates can be liable in 1983 claims if the decision included retaliatory or indifferent actions on their part**, quoting <u>Gylbrook v. City of Westminster</u>, 177 F.3d 839(1999). **Allegations of retaliation and deliberate indifference are usually only supported by circumstantial evidence,** quoting <u>Ramirez v. OK Dept. of Mental Health,</u> 41 F.3d 584 (10th Cir. 1994); <u>Durant v. Ind. School Dist</u>. No 16, 990 F.2d (10th Cir. 1993).

**3. The Plaintiff has not failed to state a claim of gender discrimination.**

The prima facie case for gender discrimination is the same as discrimination based on race outlined above. In order to set forth a prima facie case of discrimination, Mr. Custis must establish that he, "(1) is a member of a protected class, **un contested**; (2) has suffered an adverse employment action, **supported by facts, witnesses and evidence**; (3) was qualified for the position at issue, **uncontested;** and (4) was treated less favorably than others not in the protected class, **supported by facts, witnesses and evidence**." *Khalik*.

In his Complaint, Mr. Custis asserts that he is male, that he was not promoted to chief trial counsel, that he was qualified for the promotion to chief trial counsel, and that a "less qualified younger white female" was promoted to that position. (Doc. #1, p. 4, ¶ 22). He recites the elements of a Title VII claim, Mr. Custis must "allege facts to show 1) [he] was a member of a protected class; 2) [he] applied and was qualified for the position at issue; 3) despite being qualified, [he] was not selected; and 4) thereafter, the position was filled or remained available. <u>Jones v. Barnhart,</u> 349 F.3d 1260, 1266 (10th Cir. 2003); <u>Amro v. Boeing Co</u>., 232 F.3d 790, 796

(10th Cir. 2000). He clearly has. The amended complaint and new evidence fully address this. This case must be looked at with all pertinent facts, elements, state law, customs and usage SEE <u>Jett v. Dallas Independent School Dist</u>, 491 U.S. 701 (1989). A supervisor can be liable when he personally directed a violation of a protected right; Or he had knowledge of it, SEE <u>Jenkins v. Wood</u>, 81 F.3d 988 (10th Cir 1995).

**The court must examine the nature and circumstance of the color of law person/entity's conduct and behaviors, with the relationship of actions, to the legal performance of their official duties**, quoting <u>David v. City and Cty. of Denver</u>, 101 F.3d 1344 (10th Cir. 1996). The defendants came into contact with plaintiff and used their positions as a color of law person/entity to deprive plaintiff of constitutional rights SEE <u>Dang Vang v. Vang Xiong Y Toyd</u>, 944 F.2d 476 (1991). **Even when a non-retaliatory decision is made by a color of law person/entity, the subordinates can be liable in 1983 claims if the decision included retaliatory or indifferent actions on their part**, quoting <u>Gylbrook v. City of Westminster</u>, 177 F.3d 839(1999). Allegations of retaliation and deliberate indifference are usually only supported by circumstantial evidence, quoting <u>Ramirez v. OK Dept. of Mental Health,</u> 41 F.3d 584 (10th Cir. 1994); <u>Durant v. Ind. School Dist</u>. No 16, 990 F.2d (10th Cir. 1993).

**4. Retaliation**

The Defendants acted in retaliation of a protected constitutional/state law protected privilege/right. SEE <u>The Gehl Group v. Koby,</u> 63 F.3d 1528 (10th Cir. 1995). **A color of law person/entity displays reckless indifference when it would be visible, to any color of law**

12

**person/entity in their shoes, that their actions could violate constitutional or state law protected privileges/rights**. <u>Germany v. Vance</u>, 868 F.2d 9 (1989).

A prima facie case of retaliation under Title VII has three elements: (1) protected opposition by the employee, **supported by facts, witnesses and evidence**; (2) a materially adverse employment action, **supported by facts, witnesses and evidence**; and (3) a causal connection between the protected opposition and the adverse employment action, **clearly shown.** <u>Semsroth v. City of Witchita,</u> 555 F.3d 1182, 1184 (10th Cir. 2009). To be materially adverse, an employment action must be "harmful to the point that they could well dissuade a reasonable worker from making or supporting a charge of discrimination." <u>Semsroth,</u> 555 F.3d at 1184 *quoting* <u>Burlington N. & Santa Fe Ry. v. White,</u> 548 U.S. 53, 57 (2006). The standard is "an objective inquiry that does not turn on a plaintiff's personal feelings about those circumstances." <u>Semsroth,</u> 555 F.3d at 1184.

Even when a non-retaliatory decision is made by a color of law person/entity, the subordinates can be liable in 1983 claims if the decision included retaliatory or indifferent actions on their part, quoting <u>Gylbrook v. City of Westminster</u>, 177 F.3d 839(1999). Allegations of retaliation and deliberate indifference are usually only supported by circumstantial evidence, quoting <u>Ramirez v. OK Dept. of Mental Health,</u> 41 F.3d 584 (10th Cir. 1994); <u>Durant v. Ind. School Dist</u>. No 16, 990 F.2d (10th Cir. 1993). The relief for any questions concerning this issue is to allow Plaintiff to amend his complaint if necessary. Further, the discovery process will provide more certain facts as to the Defendant's knowledge of Plaintiff's intent to file a claim with the EEOC and her actions in response thereto.

**5. The Plaintiff states a claim for Procedural or Substantive Due Process**

Due Process protects more than just fair process and liberty, it protects privacy and us from certain government actions regardless of the procedures used to implement them. Quoting <u>Washington v. Glucksberg,</u> 117 S.Ct. 2258 (1997). An action taken in retaliation of a protected constitutional or state law protected privilege/right is actionable under 1983 claims even if the act would be proper if taken for another reason. Quoting <u>The Gehl Group v. Koby</u>, 63 F.3d 1528 (10th Cir. 1995). State laws, standards and procedures take precedent over city laws, standards and procedures and violations of these are actionable, quoting <u>Clark v. City of Draper,</u> 168 F.3d 1185 (10th Cir. 1999). Mr. Custis addresses all of this in the amended complaint.

There is no question that Mr. Custis was an at-will employee with the Wyoming Public Defender's Office and served at the pleasure of the Director, however, the illegal and improper actions and demands by the defendant of the plaintiff clearly violated his fair process, liberty, privacy and they were actions that it protects us from regardless of the procedures used <u>Washington v. Glucksberg,</u> 117 S.Ct. 2258 (1997).

Demonstration of a violation of due process need not also show that the action was shocking to the conscience even though the case before us now is. SEE <u>Pitsley v. Warish,</u> 927 F.2d 3 (1991). Adequate remedies post deprivation do not bar a due process claim SEE <u>Winters v. Board of Cty. Commissioners,</u> 4 F.3d 848 (10th Cir. 1993).

**6. The Plaintiff states a claim of an Equal Protection violation**

Mr. Custis alleges that he was terminated when other employees who were similarly situated were not fired. He does allege that employees in one of his same protected classes were promoted while he was not. He also states that the Defendants' violated his right to equal protection. Equal protection "is essentially a direction that all persons similarly situated should be treated alike." *Grace United Methodist Church v. City Of Cheyenne*, 451 F.3d 643, 659 (Wyo. 2006) The "class of one" theory encompasses the notion that others similarly situated were treated differently than Mr. Custis, without specifying a protected class. See *Pignanelli v. Pueblo School Dist. No. 60,* 540 F.3d 1213, 1220 (10th Cir. 2008). Under *Uhlrig v. Hardes*, 64 F.3d 567 (10thCir. 1995). This court also recognizes the color of law defendant is liable for an individual's harm, under the "danger creation theory" if the defendant created the danger that harmed the individual. The Defendant clearly created all the danger and harm related with her retaliation, discrimination, illegal, improper and other actions.

**III. CONCLUSION**

Even though Mr. Custis was an at-will employee with the Wyoming Public Defender's Office and could be fired for any reason or no reason at all, it can never be for illegal reason and actions by the defendant. This does not excuse her improper, illegal, discriminative, retaliation and other ill and shocking behavior against the Plaintiff. The facts included within this memo and the attached affidavits, due to the newly discovered evidence, clearly is strong enough to "nudge [his] claims across the line from conceivable to plausible." *Khalik.*

WHEREFORE, for the reasons stated above, the Plaintiff respectfully request that this Court deny the Defendants' motion, in its entirety, and proceed forward with the case. In the alternative, Plaintiff moves the Court for leave to amend his complaint.

DATED this 20 day of February, 2013.

By: s/Dion J.Custis
Dion J. Custis, #6-3674
Plaintiff
400 E 20th St,
Cheyenne WY 82001
(307) 638-2442

**CERTIFICATE OF SERVICE**

I, Dion J. Custis, hereby certify that a true and correct copy of the foregoing *Plaintiff's Memo in Opposition* was filed via CM/ECF on this 20 day of February, 2013, which sent notification to the following individual:

Patricia Bach
Tricia.bach@wyo.gov

By:s/ Dion J.Custis
Dion J. Custis, #6-3674
Plaintiff
400 E 20th St,
Cheyenne WY 82001
(307) 638-2442